*602
 
 MORROW, Presiding Judge.
 

 The unlawful manufacture of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.
 

 The proof that appellant had manufactured a quantity of intoxicating liquor is conclusive. He justified it upon the ground that he was making it for medicinal purposes for the use of himself and his wife. This defensive theory was supported alone by the testimony of the appellant and his wife. Their testimony is not conclusive. Their interest in the matter is such as rendered the truth of their testimony a question for the determination of the jury. See Costillo v. State, 266 S. W. Rep. 158; Vernon’s Texas Crim. Stat., Vol. 2, pp. 687 and 688.
 

 A witness testified to the good reputation of the appellant for truth and veracity. On cross-examination he was asked if the people with whom the witness had talked and upon whose statements he based his opinion of the reputation were aware of the fact that the appellant was engaged in the manufacture of liquor. As the matter is presented in the bill, we are not inclined to regard the inquiry as going beyond the scope of proper cross-examination. The appellant testified as a witness upon the stand and put in issue his reputation for truth and veracity which, in order to be material, necessarily related to the time of the trial. He was then under a legal charge of manufacturing intoxicating liquor. The rule has a general application, and the means of knowledge of a witness who gives testimony touching the character or reputation may be tested on cross-examination. See Forrester v. State, 38 Texas Crim. Rep. 245; Patterson v. State, 83 Texas Crim. Rep. 169. Moreover, in the present case, appellant put in issue his reputation as a law-abiding citizen.
 

 The wife of the appellant testified to the need of alcoholic stimulants for medicinal purposes and said that she and her husband were unable to purchase such liquors; that the times were hard and that they did not have sufficient money; that he did not own any property or real estate but was working the land belonging to his wife’s father. We think the refusal of the court to go further into the appellant’s financial conditions was not harmful error. Besides, the bill of exceptions in which there is an attempt to complain of the refusal to make further inquiry upon the subject appears as merely calling for a repetition of that which had been previously given.
 

 Appellant in his testimony declared that he had brought 200 pounds of sugar at $9.00 per hundred pounds for the purpose of making alcohol. He testified that his financial position would not permit the purchase of alcohol. In view of this testimony, the impropriety of counsel for .the State propounding on cross-examination the
 
 *603
 
 question “You were willing to experiment on the expenditure of money for sugar?” is not perceived.
 

 Regarding the evidence sufficient to support the conviction, the judgment is affirmed.
 

 Affirmed.