LATTIMORE, Judge.
 

 Appellant was convicted in the district court of Titus County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.
 

 Officers went to a place near appellant’s house and found him and his little boy at a still which was in operation. The still with mash in it was over a fire and through the worm liquor was dropping into a receptable. Appellant was sitting on one side of the still and his boy on the other. After watching them awhile the officers went up to the place and arrested appellant. One of the officers said to appellant that the worst thing he saw in it all was that he was learning his little boy how to run this still, to which appellant said “Yes”. There is some confusion in the record as to just what the -language used by appellant and the officer was, but witness finally settled on the a.„ove as to what was said.
 

 Appellant did not testify. His son, the boy above referred to, testified that he and his father were out hunting horses and found the still and sat down by it to wait awhile.
 

 The matter was submitted to the jury by a charge to which no exception was- reversed. In the charge they were told that if they believed that appellant and his son simply came upon the still in operation and had nothing to do with the manufacture of the liquor, or if they had a reasonable doubt thereof, they should find him not guilty. There are two bills of execution, one of which complains of some private consultation between the honorable trial judge and the district attorney in the presence of the jury, which appellant seems to think was calculated to injure his cause in some way, but it does not seem to us to present any objectionable matter. A part of this bill also presents an objection to the statement made by appellant to the officer who found him apparently in possession of the still in operation. In our opinion the statement made to the officer was part of the res gestas of the transaction and was admissible. The other bill of exceptions presents complaint of the refusal of a special charge the substance of which was that the jury must find beyond a reasonable doubt that the defendant was engaged in doing some manual act or acts or labor in the actual making of the intoxicating liquor. We do not perceive the special virtue of such a charge. The court had told the jury in the main charge that unless they believed beyond a reasonable doubt that appellant did unlawfully manufacture the intoxicating liquor they should acquit him, and also gave in the charge the part thereof above referred to which seems to exactly
 
 *646
 
 cover and fit the defensive theory as made by the testimony of appellant’s son.
 

 Finding no error in the record, the judgment will be affirmed.
 

 Affirmed.