FRANK SULLIVAN v. THE STATE.

No. 8837.   Delivered April 29, 1925.

Rehearing denied June 17, 1925.

1.—Possession of Intoxicating Liquor—Liquor Laws—Held Valid.

Appellant assails the validity of the statute declaring the possession of more than a quart of intoxicating liquor to be *prima facie* evidence that it is possessed for an unlawful purpose. Having repeatedly *held* the act valid, we see no reason at this time to change our former opinions. Following Newton v. State, 267 S. W. 272 and other cases cited.

2.—Same—''Prima Facie''—Meaning of.

"Prima Facie" evidence is merely proof of the case upon which the jury may find a verdict, unless rebutted by other evidence. In other words *prima facie* evidence is not conclusive, but such as may be overcome by evidence to the contrary, and such evidence is to be weighed together with the other evidence, and in connection with the reasonable doubt and presumption of innocence which obtain in all criminal trials. Floeck v. State, 34 Tex. Crim. Rep. 314 and other cases.

3.—Same—Credibility of Witnesses—Province of Jury.

While there is no question as to the authority of this court to set aside a conviction manifestly wrong, and clearly showing that injustice has been done, we have never yet in the exercise of that authority invaded the province of the jury by declaring that they must accept the testimony of the defendant as true, where the testimony of the state establishes his guilt. See Costillo v. State, 266 S. W. 158 and other cases cited.

Appeal from the District Court of Grayson County. Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction of possessing intoxicating liquor for purposes of sale; penalty, one year in the penitentiary.

The opinion states the case.

*B. F. Gafford,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for one year.

Upon searching the dwelling of the appellant, three half-gallon jars full of whiskey were found above the ceiling in one of the rooms. On a former occasion, a search revealed a quantity of whiskey. Some of it was in glass jugs and some in rubber containers known as hot water bottles. The presence of a small quantity of whiskey in a gallon jar was disclosed by the appellant at the time he was notified by the officers of their intention to search his place.

According to the appellant's testimony, he was paralyzed and had also been told that he was affected with tuberculosis; that due to his ailments it was necessary to use whiskey, both in rubbing his person and as a drink. He explained that he had bought a quantity of whiskey from a traveling bootlegger and that he did not reveal to the officers all the whiskey upon his premises for the reason that he felt the necessity of retaining some of it for medicinal use. It seems from his testimony that he had previously been convicted of unlawfully possessing whiskey.

The validity of the statute declaring the possession of more than a quart of intoxicating liquor to be prima facie evidence that it is possessed for an unlawful purpose is assailed. To the best of our ability, this question has been examined and the conclusion of the court stated in several recent cases in which previous announcements to the same effect have been reviewed. See Newton v. State, 267 S. W. Rep. 272; Stoneham v. State, 268 S. W. Rep. 156; O'Brien v. State, 90 Texas Crim. Rep. 276; Floeck v. State, 34 Texas Crim. Rep. 314. For the reasons and precedents leading to the conclusions stated in the opinions mentioned, reference thereto is made. In the present case, suffice it to say that the validity of the statute (Acts of 38th Leg., 2nd C. S., p. 53, Chap. 22, Sec. 2c), was upheld, and the relation of the statute mentioned to Art. 786 C. C. P., declaring the presumption of innocence discussed. From Floeck's case, supra, the following quotation is taken:

" 'Prima facie' evidence is merely proof of the case upon which the jury may find a verdict, unless rebutted by other evidence. In other words, prima facie evidence is not conclusive, but such as may be overcome by evidence to the contrary; and such evidence is to be weighed together with the other evidence and in connection with the reasonable doubt and presumption of innocence which obtain in all criminal trials.''

Citing Burkhalter's case, 247 S. W. Rep. 244, and others, asserting the authority of this court to set aside a conviction manifestly wrong and clearly showing that injustice had been done, but denying its authority to determine the weight to be given upon conflicting testimony, appellant insists that the verdict is without support in the evidence and reflects an arbitrary disregard by the jury of the uncontroverted declaration and testimony of the accused that he possessed the whiskey for medicinal use. On this subject, we have also recently been called upon to write. In doing so, however, we have not been without the many precedents both in our own and other states. See Costillo v. State, 266 S. W. Rep. 158; Hawkins v. State, No. 8599, not yet reported. See also Satterwhite v. State, 6 Texas Crim. Rep. 609.

Appellant being an interested witness, even though uncontroverted the weight to be given his testimony was a matter which the law commits to the jury. They were not bound to believe it, but were warranted in considering it in connection with the prima facie evidence which has been mentioned, and their conclusion therefrom is binding upon this court.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We regret that we cannot agree with appellant that the evidence does not support the verdict. It is true he testified the whiskey was kept for his own use for medicinal purposes. This was left to the jury under a proper instruction that if they had a reasonable doubt upon this issue to acquit appellant. We apprehend that able counsel who presented the matter so persuasively before us urged the point with equal plausibility before the jury. The fact that upon the occasion of the two raids upon the premises of appellant a quantity of whiskey was found, one time secreted in the loft, and the other time in rubber hot-water bottles concealed among the bed clothes, furnished some basis for the jury to conclude that the whiskey was not being kept for legitimate medicinal purposes which would not be likely to prompt such concealment as is here in evidence.

The motion for rehearing is overruled.

*Overruled.*