### GABRIEL HORAK v. THE STATE.

No. 8930.   Delivered May 13, 1925.

Rehearing denied June 17, 1925.

1.—Manufacturing Intoxicating Liquor—Transcript on Appeal—Practice.

Where the transcript on appeal fails to show the date of the beginning of the term, a motion by the state is not well taken, not so if it fails to show the ending of the term. If defective in this regard this court is unable to say whether statement of facts and bills of exception have been filed within time.

2.—Same—Bill of Exception—Incomplete—No Error Presented.

Where appellant complains because the court excluded the answer of his wife to the question, if he, the defendant ever became intoxicated, but the bill of exception does not state what the answer excluded would have been, nothing is presented for our consideration.

This is second appeal of this case. The opinion in the first is reported in 95 Texas Crim. Rep. 474, 255 S. W. 191.

Appeal from the District Court of Milam County. Tried below before the Hon. John Watson, Judge.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

' *B. P. Matocha,* for appellant.

*Tom Garrard,* State's Attorney, 'and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for manufacturing intoxicating liquor. Punishment is, one year in the penitentiary.

. We think the State's motion to. dismiss the appeal because the caption to the transcript fails to show the day upon which the trial term begun .should not be sustained. The caption does show the adjourning date. The beginning date might be material if consideration of the .statement of facts or bills depended upon whether the trial term extended more or less than eight weeks, but that question is immaterial in the present instance. Final judgment was entered on April 16th. Sixty days were granted to perfect the record. The statement of facts and the only bill of excepion were filed on June 13th, which was within the sixty days from final judgment, and would entitle them to consideration regardless of whether the term of court was more or less than eight weeks.

This is the second appeal. The opinion on the first is reported in 95 Texas Crim. Rep. 474, 255 S. W. 191.

The officers went to defendant's premises with a search warrant. He was in the field. The sheriff told him they came to search for whiskey. He denied having any. Upon going to his residence they found two stills each of five gallon capacity on the stove, and both in operation. In addition to the liquor in the stills three fifty gallon barrels of mash were found, one at the side of the house and two at the barn. Some whiskey was also found. Some of it was colored and some white. Defendant claimed on the trial he was making the whiskey for his own use for medicinal purposes under the doctor's advice. At the time of his arrest defendant made a written confession admitting the making of the liquor but made no claim at that time he was using it for medicine. He proved by two physicians that about two years before his arrest defendant had the "grippe", and they told him. a small quantity of whiskey taken after meals would help him, but neither wrote him a prescription for any. Defendant and his wife testified that the whiskey was being made and used only for medicine. This issue was submitted to the jury in a manner not objectionable to accused. The jury settled it in favor of the State. We observe nothing in the record authorizing this court to say they were not justified in the conclusion reached.

Defendant asked his wife if he (defendant) ever became intoxicated. Complaint is made because the court excluded the answer, but the bill fails to show what such answer would have been. A bill taken to the refusal of the court to permit a witness to answer a question must show what the answer would have been in order to

entitle it to consideration on appeal. (See collated authorities under par. 4, Sec. 212, Branch's Ann. P. C.).

The judgment is affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that because he and his wife testified the whiskey was being manufactured for medicinal purposes, and the State could not rebut this by direct proof, this court should hold that the jury were bound to accept the evidence of appellant and his wife as true. This exact point was decided adversely to appellant's contention in Hawkins v. State, (No. 8599, opinion on rehearing, April 8, 1925. Many authorities are cited in the opinion just referred to.

The motion for rehearing is overruled.

*Overruled.*