## WILL PARSONS V. THE STATE.

No. 9456.   Delivered November 11, 1925.

Rehearing denied January 13, 1926.

1.—Possessing Intoxicating Liquor—Evidence—Sufficiency of—Question for Jury.

Where, on a trial for the possession of intoxicating liquor, for the purpose of sale, the evidence for the state disclosed that appellant was found in possession of ten gallons of grape wine, which was intoxicating, and the testimony of appellant was to the effect that he manufactured the wine for his own use, and had no purpose of selling it, this con- flict in the testimony was a question for the jury to pass upon, and hav- ing held adversely to appellant, we cannot interfere with their finding.

2.—Same—Continued.

It is well settled in this state that the jury is not bound to believe the appellant's testimony, though uncontradicted.   To hold that as a matter of law the appellant in this case is not shown to be guilty, would in effect abrogate the terms of our Statute making the possession of more than a quart of intoxicating liquor prima facie evidence that its pos- session is for the purpose of sale.   Following Sullivan v. State, 273 S. W. 566, and cases cited.

3.—Same—Charge of Court—Held, Correct.

Where, on a trial for the possession of intoxicating liquor for the purpose of sale, the evidence disclosed that appellant was found in

possession of blackberry wine in the spring or summer of 1923, and that he was found in possession of grape wine in the fall or winter of the same year, and the court submitted to the jury affirmatively the possession of the grape wine, and did not submit his possession of the blackbery wine, no error is shown.

#### 4.—Same—Charge of Court—Held, Correct.

Where the record discloses that the court gave a special charge, submitting the issue of his possession of grape wine on or about the 4th day of December, 1923, we think this charge clearly protected appellant against a conviction for more than one offense, and was entirely sufficient to direct the minds of the jury to the fact that he was being tried only for the possession of the grape wine.

#### 5.—Same—Charge of Court—On Prima Facie Presumption—Properly Submitted.

It is proper practice in the trial of all cases for possession of intoxicating liquor, where the possession of more than a quart is shown, to charge the Statute on the prima facie legal presumption that possession of more than a quart of intoxicating liquor is for the purpose of sale, and such charge is not on the weight of the evidence. Following Stoneham v. State, 268 S. W. 156.

ON REHEARING.

#### 6.—Same—Evidence—Held, Sufficient.

On rehearing, appellant earnestly insists that his testimony that his possession of the wine was not for the purpose of sale, and that the state did not negative this defense, cannot be agreed to by us. The jury is never compelled to accept the evidence of either the defendant or the state as true. They are the exclusive judges of the weight to be given to the testimony, and where there is a conflict in the evidence, that they have determined against the appellant, this court is without authority to disturb their verdict. See Hawkins v. State, 99 Tex. Crim. Rep. 571, and other cases cited in opinion on rehearing.

Appeal from the District Court of Montague County. Tried below before the Hon. Vincent Stine, Judge.

Appeal from a conviction for possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Chancellor & Bryan,* of Montague, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Montague County for the offense of possession of intoxicating liquor for the purpose of sale and his punish-

ment assessed at confinement in the penitentiary for a term of one year.

Appellant very earnestly contends in his brief and oral argument before this court that the court erred in refusing to instruct a verdict of not guilty because the evidence is wholly insufficient to show that he possessed the wine in question for any other purpose than for his own personal use. The record discloses that appellant was found in possession of ten gallons of grape wine in the fall of 1923 and that he was found in possession of approximately forty gallons of blackberry wine in the spring or summer of 1923. The court only submitted the question of the possession of the grape wine to the jury for its consideration. The record further discloses that at the time the grape wine was found the sheriff testified that he also found two more barrels on the premises at that time, one of these was a forty or fifty gallon barrel and the other was about a thirty-gallon barrel and that they seemed to have contained wine. It smelled like wine, and that he examined the barrels and that the barrels were in a little house right back of the dwelling house, in a little smokehouse or outhouse, and that one of the empty barrels had a faucet, but one did not. That he found a tin funnel and an ordinary drinking glass. It is also in testimony that the wine so found was intoxicating.

The appellant testified in his own behalf and stated that he did not sell any of the wine, that he made it for his own use and never had any notion of selling it and that he didn't know it was against the law to make wine. That the officers searched his place along in the spring and told him they were looking for a still and he told them to go ahead and search anywhere they wanted to and he went with the officers to let them in the smokehouse but that when he got there other officers had already broken in and that they found wine at that time in his smokehouse and they told him they were looking for a still and he told them to go ahead and look and then he said to the officers "You are not looking for wine?" and they said no and he then figured it was not against the law, and in the fall he made some more wine, being that for which he is convicted. He also testified that one of the State's witnesses was mistaken about there being two barrels of wine.

It occurs to us that under the facts there can be no question but that the issues were sharply drawn as to whether or not the appellant had the wine in question for the purpose of sale. Without dispute he had on hand more than a quart and under

the Statute proof of this fact makes the possession of such a quantity prima facie evidence that he had it for the purpose of sale. It is true, of course, that he is entitled to offer testimony tending to overcome the prima facie case thus made by the State, but the weight of the testimony and the credibility to be given to the witnesses are matters left entirely to the discretion of the jury trying the case. It is well settled in this State that the jury is not bound to believe the appellant's testimony although it be uncontradicted. Sullivan v. State, 273 S. W. 566, and cases there cited. To hold that as a matter of law the appellant in this case is not shown to be guilty would be in effect to abrogate the plain terms of the Statute which makes the possession of more than a quart of intoxicating liquor prima facie evidence that its possession is for the purpose of sale.

In addition to what has been said, we do not deem it amiss to add that under all the testimony introduced on the trial of this case, we think the jury was well within its rights in refusing to believe that the appellant was making this wine with no intent to sell it. Neither can we agree with appellant's contention that the testimony failed to show that the grape wine was intoxicating. In testifying on this question Walker, the sheriff of Montague County, used this language:

"I have had sufficient experience in drinking wine and seeing wine and observing the effects of wine to know whether or not wine is intoxicating liquor. Yes, sir; the wine on those premises at that time was intoxicating."

It is true that on the contrary, two of appellant's neighbors testified that they drank some of the wine, one about six ounces and the other about nine or ten ounces, and stated that in their opinion it was not intoxicating. It is well settled in this State that matters of this character are proper questions for the decision of the jury as to make it unnecessary to further write concerning this matter.

Appellant's counsel in oral argument insists that the court was in error in failing to designate to the jury in his charge as to which offense their verdict should be based upon. On this question, the proof was undisputed that the officers found blackberry wine at appellant's home in the spring or summer of 1923, and that they found grape wine in the fall or winter of that year. In submitting the question to the jury the court instructed the jury to the effect that they could convict appellant if he possessed grape wine on or about the 4th day of

December, 1923, and did not submit for their consideration the question of his possession of blackberry wine at all.

The record discloses that the court also gave a special charge to the effect that if the jury believed from the evidence beyond a reasonable doubt that the defendant possessed grape wine capable of producing intoxication in Montague County on or about the 4th day of December, 1923, yet if the jury believed from the evidence that the same was not possessed for the purpose of sale or if they had a reasonable doubt thereof to acquit the defendant. We think these charges clearly protected appellant against a conviction for more than one offense and were entirely sufficient to direct the jury's mind to the fact that he was being tried only for the possession of the grape wine.

Appellant also complains at the court's action in charging on the presumption arising from the possession of more than a quart of wine. The only objection we find in the record to this charge is that it is a charge on the weight of the evidence and should not have been given. This objection to the charge is insufficient to point out any error in the giving of the same.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.        *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The evidence discloses that in the summer antecedent to the date of the present transaction in December, upon a search of the appellant's premises, there was found a large quantity of blackberry wine. One forty- or fifty-gallon barrel was full and another partly full. However, no arrest of the appellant was made upon that occasion. At the time of this happening, the officers told the appellant that they wanted to search his premises. Upon finding the wine, they said they were looking for a distillery. Appellant said: "Go ahead and look." "You are not looking for wine?" The officers replied, "No." From these acts and declarations, the appellant assumed or inferred that in making the wine he was not violating the law. Having exhausted his supply of blackberry wine, he subsequently made a quantity of grape

wine. Upon searching his premises in December, there was found a forty-gallon barrel containing about ten gallons of grape wine and two other barrels of like size which, from their odor, appeared to have contained wine. Appellant introduced some witnesses who had drunk some of the wine and who gave the opinion that it was not intoxicating. However, upon this issue, the evidence was conflicting. A State's witness said that in the summer he had observed a road to the appellant's premises, which was a neighborhood road, bearing evidence of much more travel on its way to the appellant's house than it did elsewhere. In the fall, the condition of the road as to travel could not be obtained for the reason that it had been recently graded.

The appellant's testimony to the effect that he had never sold any of the wine but made it entirely for his own use under the circumstances, presented an issue for the jury. Under the Statute, Art. 671, P. C., 1925, the possession of more than a quart of intoxicating liquor is prima facie evidence of guilt. This Statute has been upheld in Stoneham v. State, 268 S. W. Rep. 156; Lindsey v. State, 276 S. W. Rep. 913; Newton v. State, 267 S. W. Rep. 272; Amer. Law Rep. Vol. 31, p. 1222.

Appellant insists in his motion that he having testified that he did not possess the wine for the purpose of sale, the conviction was not warranted. We have given this subject mature consideration on former occasions. In the cause of Hawkins v. State, 99 Tex. Crim. Rep. 571, on motion for rehearing, the Statutory law and precedents in this and other jurisdictions were given attention. Among the cases cited are Satterwhite v. State, 6 Tex. Crim. App. 609; Vernon's Tex. Crim. Stat., Vol. 2, p. 688, note 2; Ruling Case Law, Vol. 28, p. 660, Sec. 245. No principle of evidence is more firmly settled than that which recognizes that the interest of a witness and the motive or animus which operates upon his mind is a subject of material inquiry. The receipt of such evidence is obviously to enable the jury to determine the weight to be given to the testimony and the credibility of the witnesses. In enacting the Statute permitting one accused of crime to testify in his own behalf, it was never intended that his evidence should be conclusive of his innocence. The Statute conferred upon him the right to have the jury determine, in the light of his interest and the other testimony, whether his evidence was true.

The motion for rehearing is overruled.

*Overruled.*