## J. P. CARPENTER V. THE STATE.

No. 9634.    Delivered March 31, 1926.

Rehearing denied June 25, 1926.

#### 1.—Manslaughter—Evidence—General Reputation—When Admissible.

Where on a trial for manslaughter, the appellant having testified that deceased had threatened to kill him, and at the time of the homicide had assaulted him in a manner convincing a purpose to execute such threats, the state was properly permitted to prove the general reputation of deceased, under Art. 1258 of the 1925 Code. Following Gilliam v. State, 272 S. W. Rep. 154.

#### 2.—Same—Evidence—Held Sufficient.

Where on a trial for murder, it being admitted that appellant shot and killed the deceased, the appellant having testified to case of self-defense, the jury was not bound to take the testimony of the appellant as this court has repeatedly held, although same is uncontradicted. Having passed upon the issue as to the guilt or innocence of the appellant their finding under the facts appearing in this record, cannot be disturbed. See Hawkins v. State, 270 S. W. 1025, and other cases cited.

##### ON REHEARING.

#### 3.—Same—Threats—General Reputation of Deceased—Rules Stated.

Under Art. 1143, Vernon's P. C., where the accused relies upon self-defense and threats, it is permissible for the state to prove that the deceased had the general reputation of a peaceable and law-abiding citizen, and this article is applicable whether the threats were made to appellant himself or through third parties by being communicated to him, nor is there any distinction recognized between a conditional threat and one which is unconditional. See Jiron v. State, 53 Tex. Crim. Rep. 18.

Appeal from the District Court of Grayson County. Tried below before the Hon. F. E. Wilson, Judge.

Appeal from a conviction for manslaughter, penalty five years in the penitentiary.

The opinion states the case.

*Randell & Randell* and *Freeman, McReynolds & Hay* of Sherman for appellant.

*Sam D. Stinson,* State's Attorney, and *Robt. M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Grayson County for manslaughter, and his punishment assessed at five years in the penitentiary.

The record discloses that the appellant was a locomotive engineer and the deceased, Burke, was his fireman. Prior to the homicide, it appears that the appellant had complained of the failure of the deceased to co-operate with him in operating the train, and failure upon the part of the deceased to properly observe the rules and regulations in connection therewith, and had filed charges to that effect with the proper officials. It was the contention of the appellant, and he testified to that effect, that prior to the day of the homicide, when he had called the deceased's attention to his failure to observe the rules and regulations of the company, that the deceased became very angry and said to him, "That if I did not keep my nose out of his business, that he would cut my damned throat." The appellant also testified that the deceased had a knife in his hand at the time, and every time he would call his attention to his neglecting his work he would get his knife and whittle on his nails, and things of that kind, and from his actions, appellant was impressed that he would injure him (appellant), and from that time on went armed. Appellant also testified that on the morning of the homicide, when he called the deceased's attention to his failure to keep the oil cans filled, that he became enraged and struck at him with an oil can about twenty inches long, including the handle and the bowl, and when full of oil would weigh about three and one-half pounds, and upon the appellant's stepping back, the deceased drew the oil can again to strike him, when he (appellant) in self-defense, drew his pistol and shot the deceased, the evidence discloses, about three or four times, and killed him.

The record discloses that the deceased was a man who

weighed about 140 to 160 pounds and appellant from about 175 to 200 pounds.

Bills of exceptions Nos. 3 to 17 complain of the action of the court in permitting the state to introduce testimony from the witnesses therein mentioned that deceased's reputation for being a quiet, inoffensive citizen was good, and that Art. 1143, Vernon's P. C., Art. 1258 of the 1925 Code, does not authorize the introduction of evidence of good character of the deceased upon threats of the kind involved in this record, which appellant contends were conditional threats, and that the court was in error in permitting the state to show the good character of the deceased for the reason stated. The state's attorneys object to our considering said bills because they are in question and answer form and contrary to the statute of this state requiring said bills to be in narrative form. Each and all of said bills are subject to the criticism urged and objections raised, but in passing we desire to state that this court has held against the contention made by the appellant in Gilliam v. State, 272 S. W. Rep. 154. We might also state in this connection that said bills, as presented with the qualifications of the court thereon, show no error in any of the matters complained of.

Appellant strenuously insists that the evidence is insufficient to support a verdict of manslaughter and that this court should hold that the jury was unauthorized to convict the defendant, because there was no one present at the scene of the homicide except the deceased and the appellant, and the appellant testified to facts which were undisputed and showing that he was acting in his own self-defense, and therefore entitled to a verdict of not guilty. The learned trial judge submitted to the jury the law of murder, manslaughter, threats and self-defense, without any objection to his charge on the part of the appellant. The condition of the appellant's mind at the time of the homicide is a question of fact to be passed on by the jury, which is a well established doctrine of this court. This court also holds, and has held for many years, that the jury is not bound to take the testimony of the appellant or any interested party in the case, although same is uncontradicted. Hawkins v. State, 270 S. W. 1025; Key v. State, 270 S. W. 1027; Horak v. State, 273 S. W. 601. Under the well established doctrine as above stated, the jury having passed on the issue as to the guilt or innocence of the appellant, their finding under the facts as presented by the record, is binding upon this court, and we are unauthorized to disturb the verdict rendered by them.

After a very careful examination of the entire record, we are forced to the conclusion that there is no error shown, and that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, Presiding Judge, absent.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Carefully reviewing appellant's bills of exception complaining of the testimony of various witnesses to the good reputation of deceased, we think same not open to the objections urged. Appellant's testimony presents a situation to which Art. 1143, Vernon's P. C., is entirely applicable. He testified to a long continued course of conduct on the part of deceased indicating ill-will toward appellant, a defiance of the authority and instructions of the latter who was the engineer upon the engine of which deceased was fireman; also that deceased cursed him out and told him that he, deceased, knew his business and would work to suit himself, that he was not going to stand for appellant to bawl him out, that if he did not keep his nose out of deceased's business he would cut appellant's damn throat, etc.; that from the words and acts of deceased he reached the conclusion that he was liable to injury at the hands of deceased; that after deceased threatened him he, appellant, armed himself. Just prior to the homicide, according to appellant's testimony, deceased took a hand oiler and started out to oil the bell, and was told by appellant to leave the oilers alone, not to empty them as he would not fill them. Deceased replied, "Go to hell," and proceeded to oil the bell. Appellant testified that as deceased came back in, he said to deceased not to bother those cans any more, whereupon deceased struck at him with the oiler he had in his hand. When deceased raised the can to strike the second time appellant shot. The article of our statute above referred to authorizes proof of the character of the deceased in cases where self-defense is asserted against an attack or demonstration by the deceased preceded by threats. This is precisely what appellant claimed. It made no difference in law that the threats were made to appellant. Jirou v. State, 53 Tex. Crim. Rep. 18.

We know of no authority attempting to distinguish between a conditional threat and one which is unconditional in reference to the proof of the reputation of deceased, but if there be such authority, then we would observe that the condition contained in the threat testified to by appellant had come about, for appellant said that he was criticising deceased when the latter made the demonstration or attack with the oil can.

The witnesses testifying to the reputation of deceased seem to us to have been qualified, and the complaint against the admission of that testimony is unfounded.

We know of no authority upholding appellant's contention that this judgment should be set aside on the ground that the verdict is against the testimony—the proposition being that if the jury believed the state's testimony appellant was guilty of murder, and if they believed his testimony he should have been acquitted on the ground of self-defense, and that there is nothing in the record to justify a verdict of manslaughter. The learned trial judge submitted manslaughter, and if there was any objection on the part of appellant to the submission of this issue, we fail to find it in the record. Appellant swore that he was afraid deceased would beat him to death with the oil can. He could not say what position either party occupied after the first shot was fired, or how many shots were fired. Asked by his counsel what was the condition of his mind at the time as to being agitated and excited, appellant replied that he had been agitated and excited for some time, that deceased had done everything he could to create disturbance and excitement, and that the feeling of appellant at the time was one of mixed fear and excitement.

We are not able to bring ourselves in accord with any of the contentions raised in appellant's motion, and same will therefore be overruled.

*Overruled.*