H. FLUGGE V. THE STATE.

No. 10273.   Delivered June 23, 1926.

Rehearing denied October 20, 1926.

1.—Possessing Equipment—Evidence—Held Sufficient.

Where, on a trial for possessing equipment for the purpose of manufacturing intoxicating liquor, the fact that the lid or top on the boiler failed to fit down tightly, and the steam would escape therefrom, would not destroy the suitability of the equipment for the purpose of manufacturing liquor, nor would the contradiction of state's witnesses by appellant and his witnesses demand his acquittal. This was a matter for the jury to pass upon. Following Thielpape v. State, 231 S. W. 769, and other cases cited.

ON REHEARING.

2.—Same—No Error Shown.

Appellant's motion for rehearing presents no question that has not been resolved against the appellant upon the original hearing, and a re-examination of the matter leaves the court of the opinion that the proper disposition of the appeal has been heretofore made, and the motion for rehearing is overruled.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for possessing equipment for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*W. J. Cunningham* of Abilene, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Taylor County for unlawfully possessing equipment for the purpose of manufacturing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the officers searched the premises of the appellant and found in one of the rooms of his residence a barrel of mash, a still with mash in it, setting on a burner, the still warm but not in operation; and also found several gallons of wine. It was the contention of the state that the appellant possessed this equipment for the purpose of unlawfully manufacturing intoxicating liquor. The appellant defended upon the ground that he had rented said room where the material and

equipment were found to a man by the name of Reed, who had placed the mash in the room without his knowledge, and that after Reed vacated or left the room, he, appellant, discovered said mash and still, and lighted the burner thereunder and attempted to make whiskey on the night before the officers discovered it the following day, but that on account of the lid or top failing to fit down tightly, the steam would escape and his efforts were unsuccessful. The appellant admitted upon the stand that the burner belonged to him, but contended that it was used for washing purposes.

This appeal is based solely upon the proposition that the evidence is insufficient to sustain the verdict, in that the state did not prove that the equipment was possessed for the purpose of manufacturing intoxicating liquor. We think this contention is not well taken. It appears that the appellant was of the opinion that on account of the testimony showing, or tending to show, that the equipment would not produce whiskey on account of the lid of the still not being air-tight, and that the equipment, as installed and found, could not be operated so as to produce whiskey without resorting to some means to hold the steam, that the evidence was insufficient to authorize a conviction. This court has held to the contrary. Thielepape v. State, 231 S. W. 769; Lucas v. State, 275 S. W. 1041, 101 Tex. Crim. Rep. 293.

It further appears from the brief in the record that it was the contention of the appellant that the evidence was not sufficient to warrant his conviction because he testified that he started the fire under the boiler and attempted to make the whiskey for the purpose only of experimenting, and that this testimony as to his experimenting not being contradicted, the evidence was insufficient to sustain the conviction. We are unable to agree with this contention. This court has frequently held that the jury is not bound to accept the testimony of the appellant, although uncontradicted. Hawkins v. State, 270 S. W. 1025; Horak v. State, 273 S. W. 601. Besides, the state proved the sale of a quart of wine by appellant on the day before the search was made.

After a careful examination of the evidence in this case, we are unable to reach the conclusion that the verdict of the jury was unauthorized. We are of the opinion, therefore, that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been

examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The motion for rehearing presents no question that has not been resolved against the appellant upon the original hearing and refers to no authority not therein considered. Our re-examination of the matter leaves us of the opinion that the proper disposition of the appeal has been heretofore made.

The motion is overruled.

*Overruled.*