### EPH FULTZ v. THE STATE.

No. 10364.     Delivered November 3, 1926.

**1.—Manufacture of Intoxicating Liquor—Medicinal Purposes—Defense Not Established.**

Where, on a trial for the manufacture of intoxicating liquor, the appellant testified that he was manufacturing the liquor for medicinal purposes, under the advice of physicians, but produced no testimony corroborative of such claim, the jury was warranted in discrediting this defense, and in finding him guilty of the charge.     See Hawkins v. State, 270 S. W. 1025, and other cases cited.

**2.—Same—Charge of Court—How Objections Should Be Made.**

Where, for the first time, objections are raised to the court's charge

in a motion for a new trial, such objections will not be considered on appeal. Objections to the court's charge must be made and presented in writing before the charge is read to the jury.  See authorities under Note 89, Art. 658, Vernon's C. C. P., Vol. 2.

Appeal from the District Court of Shelby County.  Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the manufacture of intoxicating liquor, punishment having been assessed at confinement in the penitentiary for two years.

Three bills of exception are found in the record.  Two of them raise a question as to the sufficiency of the evidence.  Officers detected appellant in the operation of a still.  When they approached to within about ten feet of appellant he discovered their presence and ran away some distance, only stopping when one of the officers fired his pistol.  Appellant claimed upon the trial that he was suffering from rheumatism and pellagra and was making the whiskey for use as medicine; that he had been advised by two physicians, whom he named, that whiskey would relieve his trouble.  He omitted, however, to call either of these physicians to testify and in no way accounts for their absence. The conduct of appellant at the time he was detected does not comport with his claim that he was making the whiskey in good faith for medicine.  The jury was not required to accept his statement as true.  Hawkins v. State, — Tex. Crim. Rep. —, 270 S. W. 1025; Key v. State, — Tex. Crim. Rep. —, 270 S. W. 1027; Horak v. State, — Tex. Crim. Rep. —, 273 S. W. 601; Parson v. State, — Tex. Crim. Rep. —, 278 S. W. 44.  We entertain no doubt as to the sufficiency of the evidence.

Bill Number Three undertakes to make some complaint of the charge, but it is apparent from the bill that these criticisms were presented for the first time in motion for new trial.  Nothing appears in the record to indicate that any objections to the charge were presented in writing as required by Article 658, C. C. P. (1925 Revision).  It has been repeatedly held that objec-

tions to the charge cannot for the first time be presented in the motion for new trial. (See authorities under Note 89, Art. 658, Vernon's C. C. P., Vol. 2.)

Finding no error in the record, the judgment is affirmed.

*Affirmed.*