**Bail** ⬅**⇒49—Homicide on express malice necessary for denial of bail held not shown by evidence.**

Evidence *held* not to show homicide on express malice necessary before bail can properly be denied.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

C. W. Watson was indicted for murder. From an order, denying bail on habeas corpus, he appeals. Reversed, and bail granted.

Mark McGee, of Brownwood, and Critz & Woodward, of Coleman, for appellant.

Walter U. Early, Dist. Atty., of Brownwood, Dibrell & Snodgrass, of Coleman, and Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J.   Relator is under indictment for murder charged with killing Jack Mc-Math. Upon habeas corpus hearing before the judge of the Thirty-Fifth judicial district, bail was denied, from which order this appeal is prosecuted. The killing occurred on the public street in Coleman. The meeting between the parties was brought about by deceased. His manner in accosting relator was such as caused a party who was with relator in his automobile to leave the car anticipating trouble. Proof is also in the record before us that deceased had, some two weeks before the homicide, made threats to kill relator unless he left town. The exact threats had not been communicated, but relator had been advised to keep away from deceased to avoid trouble. We think it unnecessary to set out the evidence in detail. From a careful examination of it, we are not impressed that the state has shown by proof evident a killing upon express malice, which has been held necessary before bail can properly be denied. Ex parte Francis, 91 Tex. Cr. R. 398, 239 S. W. 957; Ex parte Hicks, 95 Tex. Cr. R. 450, 254 S. W. 1109.

Judgment remanding relator without bail is reversed, and bail granted in the sum of $7,500.

---

### FULTS v. STATE.   (No. 10364.)

(Court of Criminal Appeals of Texas. Nov. 3, 1926.)

**I. Intoxicating liquors** ⬅⇒**236(19)—Evidence held to sustain conviction for manufacturing intoxicating liquors.**

Evidence, in prosecution for manufacture of intoxicating liquor, *held* sufficient to sustain conviction.

**2. Criminal law** ⬅⇒**554—Defendant's testimony that he was making liquor for medicine is not conclusive.**

In prosecution for manufacture of intoxicating liquor, defendant's testimony that he was making liquor for medicine is not conclusive.

**3. Criminal law** ⬅⇒**1038(1)—Objections to charge, not presented in writing, and presented for first time in motion for new trial, will not be considered (Code Cr. Proc. 1925, art. 658).**

Objections to charge, not shown to have been presented in writing as required by Code Cr. Proc. 1925, art. 658, and presented for first time in motion for new trial, will not be considered on appeal.

Appeal from District Court, Shelby County; R. T. Brown, Judge.

Eph Fults was convicted for the manufacture of intoxicating liquor, and he appeals. Affirmed.

D. R. Taylor, of Center, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J.   Conviction is for the manufacture of intoxicating liquor; punishment having been assessed at confinement in the penitentiary for two years.

[1, 2] Three bills of exception are found in the record. Two of them raise a question as to the sufficiency of the evidence. Officers de-

tected appellant in the operation of a still. When they approached to within about 10 feet of appellant, he discovered their presence and ran away some distance, only stopping when one of the officers fired his pistol. Appellant claimed upon the trial that he was suffering from rheumatism and pellegra, and was making the whisky for use as medicine; that he had been advised by two physicians, whom he named, that whisky would relieve his trouble. He omitted, however, to call either of these physicians to testify, and in no way accounts for their absence. The conduct of appellant at the time he was detected does not comport with his claim that he was making the whisky in good faith for medicine. The jury was not required to accept his statement as true. Hawkins v. State, 99 Tex. Cr. R. 569, 270 S. W. 1025; Key v. State, 99 Tex. Cr. R. 612, 270 S. W. 1027; Horak v. State, 100 Tex. Cr. R. 485, 273 S. W. 601; Parsons v. State, 102 Tex. Cr. R. 524, 278 S. W. 444. We entertain no doubt as to the sufficiency of the evidence.

[3] Bill No. 3 undertakes to make some complaint of the charge, but it is apparent from the bill that these criticisms were presented for the first time in motion for new trial. Nothing appears in the record to indicate that any objections to the charge were presented in writing as required by article 658, C. C. P. (1925 Revision). It has been repeatedly held that objections to the charge cannot for the first time be presented in the motion for new trial. See authorities under note 89, art. 658, C. C. P., Vernon's Code Cr. Proc. [1925] vol. 2.

Finding no error in the record, the judgment is affirmed.