ROGER MITCHELL, ALIAS JIMMIE EVANS, V. THE STATE.

No. 10698.   Delivered February 23, 1927.

Rehearing denied April 6, 1927.

**1.—Theft by Bailee—Bill of Exception—Multifarious—Presents No Error.**

Where a bill of exception sets out all of the proceedings of the trial, to which appellant objected, and contains each and all of the paragraphs of the motion for a new trial, such bill is defective and not in compliance with the statutes, and decisions of this state, and cannot be intelligently considered.   See Nugent v. State, 273 S. W. 598.

**2.—Same—Evidence—For the Determination of the Jury.**

Where appellant testified in his own defense that he abandoned the automobile that was found in Houston on the viaduct in Dallas, and this testimony was not contradicted, the jury was not obliged to accept it as true.   This court has repeatedly held that the jury is not bound to accept as true the uncontradicted testimony of defendants and interested witnesses. See Hawkins v. State, 270 S. W. 1025; Horak v. State, 273 S. W. 601.

ON REHEARING.

**3.—Same—Evidence—Held Sufficient.**

On rehearing, we have again carefully examined the statement of facts, and find that the evidence fully supports the conviction, and the motion for rehearing is therefore overruled.

Appeal from the Criminal District Court No. 2 of Dallas County.   Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction of theft by bailee, penalty two years in the penitentiary.

The opinion states the case.

*Terrell & Miller* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of theft by bailee, and his punishment assessed at two years in the penitentiary.

The record discloses that the appellant and one J. H. Hill rented a Ford automobile from the prosecuting witness, Goettinger, in the city of Dallas, on the 23rd day of June, 1925; and that after the delivery of said automobile to them by the prosecuting witness, they were joined by two other companions and all four then drove away in the car. The car was afterward located by the officers in the city of Houston. The appellant took the stand and admitted renting the automobile in question, but defended upon the ground that before leaving the city of Dallas he became aware of the fact that Hill and his other companions contemplated taking the car to Houston, against his advice and over his protest, whereupon he abandoned them at the viaduct in Dallas and caught a ride to Houston with strangers. It is also contended by the appellant that his evidence as to abandoning the car and his companions being uncontradicted, the jury was in error in returning a verdict against him and the court should have granted him a new trial by reason thereof.

There is only one bill of exception in the record and it, in effect, sets out in a brief way all of the proceedings of the trial to which appellant objected and contains each and all the paragraphs of the motion for new trial therein. None of said paragraphs or sections in this bill sufficiently set out, within themselves, the specific errors complained of. Bills of this character are considered by the court as defective and not in keeping with the statutes and decisions pertaining thereto. Nugent v. State, 273 S. W. 598.

The appellant's contention to the effect that the verdict of the jury was contrary to the evidence and not supported thereby, in that the state did not contradict his testimony relative to abandoning his companions and said car in the city of Dallas and not going with them to Houston, is against the decisions of this court. This court has frequently held that the jury is not bound to accept as true the uncontradicted testimony of defendants and interested witnesses. Hawkins v. State, 270 S. W. 1025; Horak v. State, 273 S. W. 601.

After a careful examination of the record, and finding no error therein, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Practically the only question raised by appellant is the insufficiency of the testimony to support the judgment. We have again reviewed the facts. It is in no way denied that appellant rented the alleged stolen car for use only in Dallas County, and upon a written agreement to return it to the lessor. It was undisputed that it was recovered in Houston, and there is not the slightest suggestion from any source that appellant did not have guilty connection with the removal of the car from Dallas County to Harris County, save the testimony of appellant himself, and, as stated by us in the original opinion, the jury is in nowise obligated to accept statements of the accused. We believe the evidence amply supports the conviction, and that the case was correctly affirmed.

The motion for rehearing will be overruled. *Overruled.*