## EARL QWENS V. THE STATE.

No. 11154.    Delivered November 16, 1927.

**1.—Carrying a Pistol—Search Without Warrant—Proper.**

Art. 487, P. C. 1925, gives a peace officer the authority and makes it his duty to arrest one if the officer has knowledge or credible information that the person in question is carrying a pistol.

**2.—Same—Continued.**

In testing the admissibility of evidence, the presumption is that the ruling of the trial court in receiving the testimony was proper, unless the bill shows to the contrary. Appellant's bill complaining of being searched by the officer is incomplete in that it is silent on the knowledge or information possessed by the officers who made the search.

**3.—Same—Evidence—Weight to Be Given—Province of Jury.**

Where appellant on trial charged with carrying a pistol testified that he was lawfully carrying the pistol, and his testimony was undisputed, he being an interested witness, whether his testimony was true was a matter for the determination of the jury. They were not bound to accept it.

Appeal from a conviction in the County Court of Harris County, at Law. Tried below before the Hon. Ben F. Wilson, Judge.

Appeal from a conviction for carrying a pistol, penalty sixty days in the county jail.

The opinion states the case.

*Warren P. Castle* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—Unlawfully carrying a pistol is the offense; punishment fixed at confinement in the county jail for a period of sixty days.

A pistol was discovered by officers in the rear end of a Ford automobile which was in possession of the appellant. The automobile was parked in front of a colored dance hall on a certain street in the city of Houston. Appellant testified and justified his possession of the pistol upon the ground that he had won two pistols, one on his person and one in his car, and was carrying them to his home by the most direct route and merely stopped for a moment or two at the place where the arrest was made.

In bill of exceptions No. 1 the facts set out disclose that officers were examining the license plates on the automobiles around the dance hall and "flashed the light in the direction of the defendant, who was seated under the steering wheel of his car; that as the light played on him, he made a quick movement, and and they decided to search to see if they could find anything." Objection to this testimony was urged upon the ground that it was illegal in that the search was without authority, and that therefore the testimony was inhibited by Art. 727a, C. C. P., 1925.

Bill No. 2 recites substantially the same facts as bill No. 1, with the additional statement that the arresting officers had no search warrant. Neither of these bills negatives the possession by the officers of information prior to the arrest that appellant was unlawfully carrying a pistol. With reference to this particular offense there is a special statute embraced in Art. 487, P. C. 1925, giving a peace officer the authority and making it his duty to arrest one if the officer has knowledge or credible information to the effect that the person in question is unlawfully carrying a pistol. In testing the admissibility of evidence, the presumption is that the ruling of the trial court in receiving the testimony was proper, unless the bill shows the contrary. The silence of the bill on the knowledge or information possessed by the officers renders the bill incomplete, and insufficient to justify a reversal of the judgment.

The appellant takes the position that he having testified that he was lawfully carrying a pistol and the evidence being undisputed, his innocence was established. He being an interested witness, whether his testimony was true was a matter for determination by the jury. The statute makes the jury in a criminal case the judge of the credibility of the witnesses and, the

weight to be given to their testimony. The precedents are against the appellant's contention. See Hawkins v. State, 270 S. W. 1025.

Finding no matter presented for review warranting a reversal, the judgment is affirmed.

*Affirmed.*