WILLIAM PATTERSON v. THE STATE.

No. 11933. Delivered November 7, 1928.
Rehearing denied January 30, 1929.

The opinion states the case.

This is a companion case to that of Hurst v. State, No. 11934, this day decided and touching the subject of probable cause.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

Nichols, a deputy sheriff, while traveling in his automobile upon the public highway observed a car in which Clarence Hurst was sitting at the steering-wheel and the appellant was on the ground pushing the car. The machinery of the car had broken down. Nichols went to the car and observed a half-gallon jar of whisky on the seat near Clarence Hurst. It was red whisky and was in a fruit jar. The officer said that the jar contained a reddish liquid that looked like whisky and that he smelled whisky around the car, which was a roadster. Hurst claimed that there was nothing in the car, but the officer insisted upon searching it. Hurst said that he would give the officer some information if it would not be disclosed. The officer promised not to disclose it. Hurst then said:

"We come out here to get whisky and were afraid to go get it, but the whisky is down there about a hundred yards. If you will rush on down there you can catch the parties with this whisky."

The officer said: "Bill (Patterson) spoke up and told me the same thing. . . . Bill Patterson and Clarence Hurst both made the statement: 'We come out here after a load of whisky.'" Both of them insisted that the officer go on down the road further to catch that load of whisky. The car was searched by the officer and found to contain a number of quarts of whisky.

The present case is a companion to that of Hurst v. State, No. 11,934, this day decided, and touching the subject of "probable cause," the evidence is to all intents and purposes like that set forth in the Hurst case, supra.

A special charge was requested calling upon the jury to determine whether "probable cause" existed and advising them that mere suspicion would not constitute "probable cause." If the facts which are claimed to constitute "probable cause" were controverted, the question whether "probable cause" existed might become a question of fact, but the facts relied upon to constitute "probable cause" being uncontroverted, their sufficiency to constitute "probable cause," it would seem, would become a question of law. See Cornelius on Search & Seizure, Sec. 83, p. 249. In the present instance, it is not believed that in refusing to call upon the jury to determine whether "probable cause" existed the court committed error. Appellant insists that although the evidence was not controverted, whether the testimony of the officer establishing "probable cause" for the search was true, was a question for the jury. In making that contention the appellant emphasizes the claim that the deputy sheriff was an interested witness, whose testimony the jury was not bound to believe. Upon that phase he cites Hawkins v. State, 270 S. W. Rep. 1025; Key v. State, 270 S. W. Rep. 1027; Horak v. State, 273 S. W. Rep. 601; Carpenter v. State, 286 S. W. Rep. 228. This subject is discussed and held untenable in the companion case of Hurst v. State.

The court instructed the jury that where an unlawful act is committed by one person and another, who is present and knowing of the unlawful intent, aids by acts the one actually engaged in the commission of the unlawful act, the person so aiding is a principal. The paragraph of the charge is attacked for a failure to submit the converse, namely, that the mere presence of the accused would not constitute him a principal. The need for an additional charge upon the subject of principals is not perceived. The statement of the appellant to the officer seems susceptible of no interpretation other than that Patterson knew that the car contained whisky and that he

was acting with Hurst in the transportation of it; that he was endeavoring to mislead the officer and induce him to go after the other car with the view of escape. The testimony of the officer touching the conduct and declaration of the appellant, the condition of the car, the fact that there was a jar of whisky sitting upon the seat near Hurst that was in view of the officer, that there was odor of whisky about the car, and that when it was opened it appeared that whisky had been spilled upon the carton containing the jars was uncontradicted. As stated above, an additional charge upon principals was not necessary. In fact, the opinion is expressed that it was unnecessary to charge upon principals at all. The appellant's connection with the transaction, together with his admission and the circumstances surrounding it, characterized him as a co-actor with Hurst in the transportation of the whisky.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—This is a companion case to Hurst v. State, 11934, this day decided on motion for rehearing, and the question raised here is the same as that decided adversely to appellant in Hurst's case. The reasons stated in that opinion call for the same action in this case.

The motion for rehearing is overruled.

*Overruled.*