## B. B. KERR v. THE STATE

No. 17485. Delivered April 17, 1935.

The opinion states the case.

*Roy E. Estes,* of Granbury, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for unlawfully carrying a pistol, punishment being a fine of $100.00.

The case was tried before a jury. The sheriff testified that he arrested appellant on the public square in the City of Granbury in Hood County, and took the pistol off his person. The arrest was on Sunday. Appellant told the officer at the time that he had borrowed the pistol from Mr. McGlothin; began crying, saying, "You have got me this time"; and begged the sheriff not to put him in jail. On the trial appellant testified that he had borrowed the pistol to practice with on the rifle range at Fort Worth, and had stopped in Granbury to buy ammunition. The court instructed the jury to acquit appellant if they believed he was carrying the pistol to the rifle range for practice, and also told the jury appellant would have the right to stop in Granbury to purchase ammunition for the pistol.

Appellant's proposition is that the jury finding is against the evidence. It is apparently against appellant's evidence. No one testified for the defense save appellant. The case turns squarely on a fact issue; there being no objection of any kind to the court's instruction. The jury did not accept appellant's explanation of the presence of the pistol. We have no way of determining whether this was because appellant made no such explanation when the pistol was found on him, or whether they doubted appellant's story about his purpose to purchase ammunition in Granbury on Sunday.

The jury was not required to accept as true appellant's unsupported story about the transaction. Hawkins v. State, 99 Texas Crim. Rep., 569, 270 S. W., 1025; Key v. State, 99 Texas Crim. Rep., 612, 270 S. W., 1027; Horak v. State, 100 Texas Crim. Rep., 485, 273 S. W., 601; Parsons v. State, 102 Texas Crim. Rep., 524, 278 S. W., 444; Lee v. State, 34 S. W., 890. Even if this court entertained some doubt regarding the conclusion reached by the jury we would not be authorized to substitute that doubt for a positive finding of the jury which has support in the evidence. Finley v. State, 38 S. W. (2d) 328.

The judgment is affirmed.

*Affirmed.*