JAMES WILLIAMS V. THE STATE.

No. 23370. Delivered May 29, 1946.

The opinion states the case.

*Oliver W. Johnson,* of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of assault with intent to murder with malice. The punishment assessed is confinement in the state penitentiary for a term of twelve years.

Appellant's chief complaint seems to be that the evidence is insufficient to sustain his conviction for the offense charged. The record shows that on the night of the 16th day of June, 1945, appellant went armed with a pistol to the cafe owned and operated by Louis Lopez in the city of San Antonio. Upon his arrival at the cafe he met Mary Smith, whom he engaged in a conversation; that during the conversation she noticed that appellant had a pistol in the bosom of his shirt and informed Lopez of that fact. Lopez got in touch wtih the Police Department and soon thereafter A. E. Zapata, a city policeman, appeared on the scene. Lopez told the officer that appellant had

a pistol. The policeman went to where appellant and Mary Smith were engaged in conversation, touched him on the shoulder and told him to consider himself under arrest. Appellant, who had his back to the policeman at the time, turned immediately with the pistol in his hand and shot at Zapata, who then opened fire on the appellant. Thereupon appellant fled from the premises. The policeman followed him out of the building and fired two more shots at him. Zapata then went to his automobile and by radio got in touch with the Police Department. Within a short time two other policeman appeared. Appellant was arrested a short distance from the scene of the difficulty. At the time of his arrest he was bloody. His arm was shattered by one of the shots fired by the policeman. He had a pistol in the bosom of his shirt. An examination of the pistol disclosed that five chambers were loaded and one was empty.

Appellant testified in his own behalf and admitted that he had a pistol at the time and place in question, but denied that he shot at the policeman. He testified that he had but five cartridges in the pistol; that one of the chambers was empty.

It will be noted from the foregoing brief statement of the facts, that an issue was raised which the jury, who are the sole judges of the facts, the credibility of the witnesses and the weight to be given to their testimony, decided adversely to his contention. This court will not interfere with the findings of the jury on an issue of fact.

Bill of Exception No. 1 reflects the following occurrence: After Zapata, the policeman, had testified for the State that upon his arrival at the cafe he was informed by Lopez that the defendant had a pistol on his person, that he went to where appellant was, tapped him on the shoulder and told him to consider himself under arrest, that appellant turned around with the pistol in his hand and shot at him (Zapata), whereupon he fired at the appellant. On cross-examination Zapata was asked whether or not he fired his pistol too quickly. The State objected to this question on the ground that it called for an opinion or conclusion of the witness. The court sustained the objection and appellant excepted. We are of the opinion that the bill fails to reflect any error. The question indicated that it called for an opinion of the witness. We therefore overrule appellant's contention.

By Bill of Exception No. 2, he complains of the action of the trial court in not excluding the witnesses, Zapata and

Lazaras, both city policemen, from the rule after it had been invoked. The court qualified this bill with the statement that he exercised his discretion in permitting the officers to remain in the court room; that there was nothing which showed that he abused his discretion with respect thereto.

In the case of Smith v. State, 70 Tex. Cr. R. 68, this court, in passing upon a similar question, said:

"This is a matter within the sound discretion of the trial judge, and in the absence of anything showing that his action in this instance was an abuse of this discretion, these bills present no error."

See also Williams and Gordon v. State, 37 Tex. Cr. R. 147.

By Bill of Exception No. 3 appellant complains of the testimony of Louis Lopez to the effect that a girl "eyed him" to look at the defendant who had a pistol. This bill is deficient in that no ground of objection is stated. The bill merely shows that he made a general objection. This was insufficient. In making an objection, the accused should state his ground of objection, unless the testimony sought to be introduced is obviously inadmissible for any purpose. See Jones v. State, 145 Tex. Cr. R. 54.

By Bill of Exception No. 4 appellant complains of the testimony given by Mary Smith to the effect that on the night in question she told Louis Lopez that appellant had a pistol. This bill is also deficient in that it fails to show that appellant made any objection thereto. However, the court qualified the bill and in his qualification thereof states that the statement was made by Mary Smith to Lopez in the presence and hearing of the defendant. The bill as thus qualified fails to reflect any error.

By Bill of Exception No. 5 he complains of the action of the trial court in declining to sustain his motion for an instructed verdict of not guilty. We see no error reflected by this bill. There is nothing in the record which discloses that appellant urged any objection against the court's charge at the time the same was given to the jury. However, in his motion for a new trial he, for the first time, complains that the court instructed the jury that if they believed from the evidence, beyond a reasonable doubt, that the defendant, with his malice aforethought, did fire said pistol at A. E. Zapata, to find him guilty as charged. He claims in his motion that there was no evidence of malice in this cause. Since there was no objection made to the

court's charge prior to the time that the same was submitted to the jury, appellant could not thereafter assert any error. Article 658, C.C.P., among other things, provides as follows:

"Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection."

See Fultz v. State, 105 Tex. Cr. R. 222; McCoy v. State, 107 Tex. Cr. R. 204; Hays v. State, 129 Tex. Cr. R. 156; Kelly v. State, 112 Tex. Cr. R. 514, (on motion for rehearing); Murray v. State, 136 Tex. Cr. R. 38; Raymond v. State, 116 Tex. Cr. R. 595, Terrell v. State, 133 Tex. Cr. R. 584, and cases there cited.

By Bill of Exception No. 6 appellant complains of the instruction by the court to the jury that if they believed from the evidence, beyond a reasonable doubt, that the defendant acted with his malice aforethought in making the assault upon the injured party, A. E. Zapata, with the intent to murder, then they will find the defendant guilty, etc. He objected to the charge on the ground that the same was not based on any facts showing malice and therefore was not justified. The term "malice," as used in its legal sense, means the willful and intentional doing of a wrongful act without legal justication or excuse, and is a state or condition of the mind which shows a heart regardless of social duty and fatally bent on mischief, the existence of which is inferred from acts committed or words spoken. The question of malice is ordinarily an issue of fact to be determined by the jury from the acts and conduct of the defendant at the time of the commission of the offense, and this they did in the present instance. We, therefore, overrule appellant's contention.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.