**Eugenio MORALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39719.**

Court of Criminal Appeals of Texas.

June 22, 1966.

Rehearing Denied Oct. 19, 1966.

Murray J. Howze, Monahans, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Commissioner.

The conviction is for burglary; the punishment, three years.

The appellant and his counsel and the state's attorney in writing waived a trial by jury which was approved by the trial court. Upon pleading guilty, the appellant was duly admonished by the court as to said plea before it was accepted.

Jimmy Toone testified that he owned and operated a grocery store which he closed on August 2, 1963, and the next morning he found that entrance had been gained into the store building by forcibly removing

some tin at the rear of the building; and that over fifteen hundred dollars in money was taken from the building which was entered without his consent.

Deputy Sheriff Ingram testified that his investigation revealed that entrance to Toone's store building had been effected by the removal of some tin from the building; that during his investigation he apprehended the appellant; that on August 20, 1963, the appellant made to him a written statement pertaining to the burglary of Toone's store; that he warned the appellant of his right not to make a statement and that it could be used against him; that no inducements were offered or threats made to obtain it, and that he voluntarily made and signed the statement.

Omitting the formal parts the following portions of appellant's written statement was introduced in evidence without objection:

"On August 2, 1963 I met Bill Rudy and Arturo Villalobos at the park near the Earl Bell School around 10 P.M. We went to the Cory Penn Station in the east end of Pecos and borried Pete Villalobos' pickup. We then went to The Toone's Grocery Store, on west highway 80. I was driving the truck. We used a screwdriver to pull the tin loose on the back of the store. We all went into the store. We got the money from a desk in the front part of the store. The money was in a drawer of the desk, also we got some money out of a cash register. Most of the money was in pay envelopes. We left the store and went to Bill Rudy's house on north Oak street and split the money. I then took the pickup back to Pete and went home. I got about $280.00 for my part. Most of my money was spent on clothes. The Saturday after the robbery Bill bought a car and we went to Ojinaga, Mexico. We spent a lot of the money there."

The appellant testified in his own behalf, and his testimony during his examination by his attorney is in part as follows:

"Q You understand that you do not have to testify?

"A Yes, sir.

"Q And you understand that no power on earth can make you testify against yourself unless you are willing to? Do you understand that?

"A Yes, sir.

"Q. Are you taking the Stand freely and voluntarily after talking with me as your attorney because you think that is the best thing to do?

"A Yes, sir.

"Q All right. Now, you heard Mr. Archer read the statement you gave Mr. Ingram, is that true?

"A Yes.

*  *  *  *  *  *

"Q Now, you were given a suspended sentence in 1958 which has run out. If the Court should extend mercy to you in the way of the length of your sentence, do you promise that when your time is over down there that you can and will straighten out and make a good citizen?

"A Yes, sir.

*  *  *  *  *  *

On cross-examination the appellant testified as follows:

"Q You are telling the Court here that you with these other two boys, Bill Rudy and Arturo Villalobos went into the Toone Grocery and broke in, is that right?

"A Yes, sir.

"Q You did not have permission to do that, did you?

"A No, sir.

"Q You did take part of the money?

"A Yes, sir.

"Q And what was read in the statement is true and correct?

"A Yes."

The trial was had and the judgment entered by the court on the plea of guilty on October 27, 1965.

The record shows that the following proceedings were had in the trial court on January 15, 1966:

"Appellant's Attorney: The Motion for New Trial was filed on November 2nd, 1965, and was overruled by operation of law on December 2nd. He received three years before the Court.

"The Court: Yes, he plead guilty before the Court and the Court assessed the three years according to my docket notation. The Court calls at this time the State of Texas vs Eugenio Morales, Cause No. 2717, on the Criminal Docket of the District Court of Reeves County.

"Eugenio Morales, your Motion for New Trial having been filed in this cause on the 2nd day of November, 1965, and having been overruled as a matter of operation of law on December 2nd, 1965, do you have anything at this time to say why sentence should not be pronounced against you? You are here with your attorney and you realize what you are doing?

"The Defendant Eugenio Morales: Yes, sir.

"The Court: Very well. The Motion for New Trial having been overruled by operation of law and the Court having heard nothing in bar of sentence, the Court proceeds to pronounce sentence against the Defendant Eugenio Morales."

Notice of appeal was given on January 15, 1966.

For reversal, the appellant's sole contention is that he was not afforded counsel when arrested, nor advised of his right to counsel before he made the written state-ment, and that therefore his statement was not admissible in evidence.

In the light of appellant's plea of guilty and his judicial admissions while testifying on examination by his own counsel that he and his two companions forcibly entered the store without consent and took the money therefrom, and that his written statement made to Officer Ingram which was introduced in evidence was true, his contention does not reveal error.

The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.