**Herman RANDALL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43465.**

Court of Criminal Appeals of Texas.

Feb. 24, 1971.

Rehearing Denied April 7, 1971.

Melvyn Carson Bruder, Dallas (court appointed), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for murder with malice. The punishment was assessed by a jury at life.

Appellant's contention is that the trial court erred in admitting his written statement into evidence.

The record reflects that after appellant was arrested and placed in a police car, he stated to Officer Johnson, of the Dallas Police Department, that "he had killed her (the deceased)." Thereafter, at the police station, he was warned of his rights pursuant to Art. 38.22 Vernon's Ann.C.C.P. He then made the statement that was admitted.

The court conducted a pre-trial hearing on the admissibility of the written statement as a confession and made findings of fact and conclusions of law that it was given voluntarily. The issue (of the voluntariness of the confession) was submitted to the jury in the charge.

During the trial appellant, against the advice of his counsel, insisted upon testifying before the jury. He testified to substantially the same facts contained in his extra-judicial written confession. He cannot now be heard to complain that such statement was illegally obtained or improperly admitted into evidence. Johnson v. State, Tex.Cr.App., 445 S.W.2d 211; Vaughns v. State, 172 Tex.Cr.R. 465, 358 S.W.2d 133.

There being no error, the judgment is affirmed.