Lawrence Lee **CRAWFORD**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44850.

Court of Criminal Appeals of Texas.

May 3, 1972.

Rehearing Denied June 21, 1972.

Robert M. Jones, Dallas, for Lawrence Lee Crawford, Jr.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment, sixty years imprisonment.

The appellant was jointly indicted and tried for this offense with Charles Edward Moore. The sufficiency of the evidence is not challenged by the appellant; the facts stated in the companion case of Moore v. State, 480 S.W.2d 728 (1972) are sufficient for the purpose of this opinion and will not be restated here.

The appellant's first contention is that "The trial court erred in overruling appellant's motion for mistrial after improper reputation testimony was produced by the prosecutor."

At the punishment phase of the trial provided for by Article 37.07, Vernon's Ann. C.C.P., two police officers, whose testimony was offered by the State, testified that the appellant's reputation in the community as a peaceful and law-abiding citizen was bad.

The appellant's ground of error raises a question of trial procedure as to the *method of testing* how a character witness acquired knowledge as to the defendant's bad reputation and whether he was qualified to express such an opinion.

Prior to the commencement of the hearing on punishment, appellant's counsel stated to the court that he thought the prosecutor would offer the testimony of two police officers as to the reputation of the appellant. Counsel requested a hearing out of the presence of the jury to test the qualifications of the officers before they testified. The trial court refused, stating that there was no basis for such procedure and invited counsel to come into his office. If any discussion on this mattter was had in chambers it is not recorded. Immediately after coming back into the courtroom, appellant's counsel renewed his motion and it was overruled.

The State immediately called an officer to the stand. He testified to fourteen years service with the Dallas Police Department; stated that he had known the appellant approximately seven or eight months and identified him before the jury. The officer said that he knew the general reputation of the appellant in the community in which he lived for being a peaceful and law-abiding citizen.

At this point appellant's counsel renewed his request for voir dire examination of the witness outside the presence of the jury. The court overruled his motion. Defense counsel then requested that he be permitted to voir dire the witness in the presence of the jury to test his qualifications. The court stated that counsel would have an opportunity to cross-examine and the witness was permitted to then answer that the appellant's reputation was bad.

On cross-examination the witness testified that he had discussed the appellant with the prosecutor and the investigator and that this was the sum and total of the discussions he had had; that his discussions had occurred on the previous morning. On redirect examination, he stated that he had talked to other persons concerning the appellant during the six or seven months he had known the appellant. He was not interrogated to determine the names of the other persons with whom he had discussed appellant's reputation.

The same procedure with appellant's objections being made was followed when Officer Holbrook testified and was cross-examined with substantially the same results as the first officer. This officer had known the appellant for over two years. He said he had had discussions concerning the appellant with two or three people in 1968. The appellant's counsel did not determine who the people were but elicited testimony that the discussions were concerned with specific acts attributed to the appellant.

The appellant then testified in his own behalf. After his testimony there was a discussion between the court and counsel out of the hearing of the jury and the court reporter. Then, before reading the charge to the jury, the court stated to the jury that he had decided to withdraw the evidence from their consideration and instructed them not to consider nor discuss that evidence which had been admitted on the hearing on punishment with regard to the general reputation of the accused for being a peaceful and law-abiding citizen. The appellant's counsel immediately moved for mistrial on the grounds that the instruction could not cure the error caused in permitting the officers to testify. The motion for mistrial was overruled.

■ The failure of the trial court to permit appellant's counsel to test the qualifications of the character witnesses to express their opinion as to the appellant's reputation before they testified was error. Coleman v. State, 82 Tex.Cr.R. 332, 199 S. W. 473 (1917). Presiding Judge Davidson, in Coleman v. State, *supra*, discussed at some length the proper method for testing a character witness's qualifications for testifying as to the reputation of a defendant. The procedure to be followed is to permit the opposing party to test the qualification of the witness before he testifies as to the defendant's reputation. It was pointed out that if the witness is permitted to first give his opinion and it is then determined that he was not qualified to give such opinion, harm which cannot be cured may be done.

Although the proper procedure to have been followed was that requested by appellant's attorney, we have concluded that the record does not reflect reversible error. The appellant's cross-examination of each of the officers reveals that they had had some discussion with other people concerning the appellant's reputation for being a peaceful and law-abiding citizen. The appellant places emphasis upon the fact that the witnesses discussed specific acts with other persons in gaining their knowledge of his reputation. Although the officers

could not testify to specific acts, it is not improper for them to discuss specific acts with other persons as a basis for determining what appellant's reputation is in the community. The appellant's cross-examination of the officers did not show them to be unqualified to testify concerning the appellant's bad reputation. See and compare Frison and Watts v. State, 473 S.W. 2d 479 (Tex.Cr.App.1971).

Having found that the officers were not unqualified to testify concerning the appellant's reputation in this case, he was not harmed by the court's refusal to permit voir dire examination of the witnesses prior to their testimony. Furthermore, the trial court withdrew all of the officers' testimony from the jury's consideration and instructed the jury that it should not consider such testimony. This ground of error is overruled.

The appellant's next contention is that "The trial court erred in overruling appellant's motion for a mistrial after a State's witness interjected an extraneous offense into the trial by a nonresponsive answer."

During counsel's cross-examination of Officer Holbrook, one of the State's character witnesses, the following occurred:

"Q. All right. When you talked to those two or three people, did you ask them what his general reputation was, or did you ask them about specific things?

"A. This was at the time we arrested him that I talked to them.

"MR. JONES: Judge, that's a nonresponsive answer, and I object to it and ask for a mistrial.

"THE COURT: I'll overrule your objection.

" . . .

"MR. JONES: Well, I'll move for a mistrial, Judge.

"THE COURT: I'll overrule your motion for mistrial."

Counsel's first questions and the answers given by Holbrook on cross-examination before the answer of which complaint is made were as follows:

"Q. Officer Holbrook, do you know where the Defendant lives?

"A. Right now?

"Q. That's correct, do you know where he lived at the time he was arrested?

"A. Yes, sir.

"Q. Where did he live at the time he was arrested?

"A. 3407 Rosalinda."

The appellant argues that the "answer complained of was nothing more than a bad-faith response intended to get an extraneous arrest before the jury and was not responsive in any way to question." We cannot agree with this argument. We do not construe the officer's response as a deliberate effort to volunteer a nonresponsive answer. Appellant's counsel first brought up the matter of arrest. Although it may be argued that the officer was speaking of a different arrest, the record is not clear and we do not believe the jury could have construed the answer to refer to an arrest for a separate offense. Furthermore, the court later instructed the jury to disregard all of the officers' testimony and not give it any consideration in their deliberation. This ground of error is overruled.

The appellant's remaining contention is that "The trial court erred in admitting appellant's written confession into evidence when no voluntary waiver of his constitutional rights prior to the taking of the confession was shown."

While testifying in his own behalf, the appellant made a judicial confession before the jury as full and complete as the written statement. Thereafter, the appellant offered into evidence the balance of the con-

fession, which the State had not introduced, and then read the entire confession before the jury. Appellant's testimony was calculated to show that his acts were not as culpable as those of his companions and he introduced and read the full confession, apparently because it corroborated and bolstered his own testimony. The appellant, having made a full judicial confession and having introduced the written statement, obviously as a matter of trial strategy, waived any claimed error concerning the voluntariness of the making of the written statement. Vaughns v. State, 172 Tex. Cr.R. 465, 358 S.W.2d 133 (1962); Keith v. State, 103 Tex.Cr.R. 636, 282 S.W. 251 (1926) and see also Randall v. State, 464 S.W.2d 836 (Tex.Cr.App.1971); Johnson v. State, 445 S.W.2d 211 (Tex.Cr.App. 1969); Morales v. State, 406 S.W.2d 467 (Tex.Cr.App.1966).

The judgment is affirmed.

Opinion approved by the Court.