**Richard Stanley GLEFFE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46730.

Court of Criminal Appeals of Texas.

Nov. 28, 1973.

Lawrence B. Mitchell (On appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., William J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

McCLOUD, Commissioner.

This is an appeal from a conviction for robbery by assault where the punishment was assessed at 50 years.

The evidence showed that appellant, armed with a pistol, entered a grocery store in Dallas, and while pointing the pis-

tol at a customer, demanded that the customer hand over his billfold. After getting the billfold, which contained approximately $35.00 dollars, appellant then pointed the pistol at an employee of the store and demanded that the employee empty the cash register. When the employee failed to respond, appellant shot the employee. Appellant and another man then ran from the store. Appellant was identified by several witnesses as one of the persons involved in the robbery and as the person who shot the store employee.

Appellant contends in his first ground of error he was denied effective assistance of counsel because the trial court overruled his motion requesting that his appointed counsel be dismissed and different counsel be appointed.

The record reflects that appellant's counsel was appointed on January 31, 1972. The case was set for trial for March 20, 1972. Appellant's attorney filed a motion for continuance on March 14, 1972, which was granted. The case was then set for trial for April 3, 1972. On March 31, 1972, appellant's counsel filed a motion to withdraw as appellant's attorney. Also, on the same date, the attorney filed a motion for continuance which was granted. The case was reset for trial to April 10, then reset to April 12, and reset again to April 24, 1972. Appellant filed a motion with the court on April 14, 1972, requesting that his counsel be dismissed and different counsel appointed to represent him. Appellant alleged that his appointed counsel was disinterested and unconcerned with the outcome of the case. He stated further that his counsel had not filed proper pretrial motions and had made derogatory remarks concerning appellant's appearance. This motion was overruled by the court on April 24, 1972. On that date both sides announced ready for trial and a jury was selected.

The State is under no duty to search for counsel until it finds one who will agree with a defendant. Martin v. State, 460 S.W.2d 919 (Tex.Cr.App.1970); Perry v. State, 464 S.W.2d 660 (Tex.Cr.App.1971). We find no error in the court's failure to dismiss counsel and appoint different counsel, especially in view of the diligent manner in which the appointed counsel attempted to represent appellant during the trial.

Appellant next complains that the trial court permitted Officer Sowell, one of the investigating officers, to testify at the punishment phase of the trial, that appellant's reputation in the community for being a peaceful and law-abiding citizen was bad. This was done over objection of counsel and counsel was not given the right to take the witness on voir dire.

On direct examination Sowell was asked if he knew appellant's general reputation in the community in which he resided for being a peaceful and law-abiding citizen. The officer stated that he did. Appellant's counsel objected and asked to take the witness on voir dire outside the presence of the jury. The court overruled the objection. Officer Sowell testified that appellant's reputation was bad. Sowell testified that he had talked to police officers and civilians, other than the civilian witnesses in the case, regarding appellant's reputation. Appellant's attorney elected not to cross-examine the officer.

In Crawford v. State, 480 S.W.2d 724 (Tex.Cr.App.1972), this Court said that the proper method for testing the qualifications of a character witness to testify as to the reputation of a defendant was to permit the opposing party to test the qualifications of the witness before he testifies as to the defendant's reputation. The Court held, however, that the failure to follow the proper procedure would not always constitute reversible error. In *Crawford* the Court found that the officers were not unqualified to testify concerning the defendant's reputation and, therefore, the defendant was not harmed by the court's refusal to permit voir dire examination of the witnesses prior to the testi-

mony. The record, in the instant case, does not disclose that Officer Sowell was unqualified to testify concerning appellant's reputation and we hold appellant was not harmed by the court's refusal to permit voir dire examination of Sowell prior to his testimony. Witt v. State, 475 S.W.2d 259 (Tex.Cr.App.1971); Pogue v. State, 474 S.W.2d 492 (Tex.Cr.App.1971); Frison v. State, 473 S.W.2d 479 (Tex.Cr.App. 1971).

Appellant complains further that the trial court committed error in that the charge to the jury stated that as a condition of probation appellant would be required to pay a monthly probation fee. Appellant contends that since he requested the jury to grant probation, Section 3a of Article 42.12, Vernon's Ann.C.C.P., limits the conditions of probation that may be imposed to those conditions specifically enumerated in Section 6 of Article 42.12, Vernon's Ann.C.C.P. A monthly probation fee is not one of the conditions listed in Section 6, although it is listed in Section 6a.

Section 6a, supra, was a part of an Amendment to Article 42.12, Vernon's Ann.C.C.P., contained in S.B. 145, 60th Legislature, Chapter 659, effective August 28, 1967. It amended Sec. 6 of Article 42.12 and thereby became a part of Section 6, which after such amendment provided:

"A court granting probation may fix a fee not exceeding $10 per month to be paid to the court by the probationer during the probationary period. The court may make payment of the fee a condition of granting or continuing the probation."

■ This provision was applicable whether probation was the result of a decision by the jury or by the court. Hence, it was not improper for the court to so inform the jury, and to incorporate such requirement in the judgment as a condition of probation. We overrule appellant's contention.

■ Appellant's last complaint is that the trial court erred in instructing the jury as to the law of probation because the statute is unconstitutional in that it violates the equal protection clause of the Fourteenth Amendment to the United States Constitution. We disagree. Appellant argues that no rational distinction exists to restrict probation to those conditions enumerated in Section 6 of Article 42.12, Vernon's Ann.C.C.P., when probation is granted by a jury while allowing wider discretion when probation is granted by the judge. In Morgan v. State, 470 S.W.2d 877 (Tex.Cr.App.1971), this Court said:

"The traditional test for determining the denial of equal protection is whether the challenged classification rests on grounds wholly irrelevant to achievement of a valid state objective."

Under our procedure, in a case such as this, a defendant has the right to elect whether the judge or jury assesses punishment. An effective probation system is a valid state objective, and we see no error in the procedure which enables a jury to know the specific conditions of probation which will be imposed if probation is recommended. We think the procedure is rationally based and free from invidious discrimination. Appellant's contention is overruled.

We have considered all grounds of error and all are overruled.

The judgment of the trial court is affirmed.

Opinion approved by the Court.