**Michael Lavon ROSS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–011–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 28, 1981.

Earl E. Bates, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty. and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

Michael Lavon Ross was indicted for burglary of a habitation. The case arose out of a federally funded project that involved the cooperative efforts of local and federal law enforcement officials. This project, known as "Operation Westwind", resulted in many criminal prosecutions and subsequent convictions. The joint effort was set up as a fencing operation to receive stolen goods. All transactions were videotaped complete with sound recordings. These tapes were used as evidence by the State in this and other prosecutions arising out of the undercover operation. Prior to trial, appellant filed a motion for change of venue and a motion to suppress the videotape and sound recording. Both motions were denied. Appellant was tried before a jury, which found him guilty and assessed punishment at fifty years. Appellant appeals the trial court's judgment entered upon the jury's verdict.

We affirm the judgment of the trial court.

Appellant, by his initial ground of error, asserts that the trial court erred in not granting his motion for change of venue. Appellant's sworn motion for change of venue was supported by the affidavits of two credible persons pursuant to V.A.C.C.P. art. 31.03(a). The State filed controverting affidavits as required by V.A.C.C.P. art. 31.04, which were made by investigators employed by the Tarrant County District Attorney's office. Following a pre-trial hearing, the trial court overruled appellant's motion for change of venue.

It is well settled that when presented with conflicting evidence, on a motion for change of venue, the trial court has broad discretion, and its decision will not be reversed absent an abuse of that discretion. *Brandon v. State*, 599 S.W.2d 567 (Tex.Cr.App.1979); *McManus v. State*, 591 S.W.2d 505 (Tex.Cr.App.1979). The appellant maintains, however, that the State's controverting affidavits be stricken because the affiants were employees of the prosecuting office. This identical position has been presented to the Court of Criminal Appeals and expressly rejected on the ground that art. 31.04, *supra*, requires only that the affiant be a credible person. *Roy v. State*, 608 S.W.2d 645 (Tex.Cr.App.1980); *Mansell v. State*, 364 S.W.2d 391 (Tex.Cr. App.1963). We likewise reject this argument and overrule appellant's first ground of error.

Appellant's second ground of error urges that the trial court erred in not granting his motion to suppress a portion of a videotape used as evidence against him. Specifically, appellant complains that introduction into evidence, of the tape in its entirety, was impermissible because it contained an admission by the appellant that he had committed another burglary. Appellant contends that this extraneous offense had no connection with the offense charged and should have been excluded.

Evidence containing admission of an extraneous offense has been held admissible under the "verbal acts" doctrine of the *res gestae* rule. *Lamberson v. State*, 504 S.W.2d 894 (Tex.Cr.App.1974). The Court of Criminal Appeals, in the case of *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Cr.App. 1972), stated:

> "Evidence of extraneous offenses committed by the accused has been held admissible: (1) To show the context in which the criminal act occurred—what has been termed the 'res gestae'—under the reasoning that events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence." (Citation to footnote omitted.)

We believe the facts of the instant case fall squarely within the parameters of the above rule. Accordingly, we overrule appellant's second ground of error.

 The appellant's next two grounds of error contest the trial court's denial of appellant's request to test the qualifications of two of the State's five reputation witnesses called at the punishment stage of the trial. If the record does not otherwise show that a witness is disqualified to testify as a reputation witness, the trial court's refusal to permit voir dire examination of that witness prior to testimony is not reversible error. *Gleffe v. State*, 501 S.W.2d 672 (Tex. Cr.App.1973); *Crawford v. State*, 480 S.W.2d 724 (Tex.Cr.App.1972). In the record before us we find no showing that these witnesses were disqualified. Appellant's grounds of error three and four are overruled.

 The final ground of error, raised somewhat vaguely in appellant's pro se brief, is that there is insufficient evidence to support his conviction. Suffice it to say that the record as a whole shows appellant's guilt beyond a reasonable doubt.

The judgment of the trial court is affirmed.