TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00319-CR







Tremain Tunstall, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 19,233, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING






 Appellant Tremain Tunstall appeals his conviction for capital murder (multiple
homicides). See Tex. Pen. Code Ann. § 19.03(a)(7)(A) (West 1994). The State did not seek the
death penalty, therefore punishment was life imprisonment. See Tex. Pen. Code Ann. § 12.31
(West 1994). Appellant brings two issues for review. In the first, he contends that the warnings
he was given before he made his written and videotaped confessions were not adequate, and in the
second, he claims his trial counsel rendered ineffective assistance by failing to raise the issue of
these inadequate warnings. We will affirm the judgment. 


ADMISSIBILITY OF CONFESSIONS


 In his first issue, appellant contends that the warnings given to him before he gave
his written and videotaped confessions did not comply with the requirements of article 38.22 of
the Code of Criminal Procedure because they did not include the information that any statement 
he makes may be used against him. See Tex. Code Crim. Proc. Ann. art. 38.22 § 2(a)(1), (2)
(West 1979) & § 3(2) (West Supp. 1998). In order to complain on appeal about the admissibility
of a confession, an objection must have been made to its admission on that same ground in the trial
court. See Tex. R. App. P. 33.1(a)(1)(A); Little v. State, 758 S.W.2d 551, 564 (Tex. Crim.
App. 1988); Fancher v. State, 659 S.W.2d 836, 839 (Tex. Crim. App. 1983). In the instant case, 
appellant's trial counsel objected on other grounds to the admission of his written confession, and
a pre-trial hearing was held on appellant's motion to suppress it, but the claim now made on
appeal--concerning the omitted item--was not raised at trial. We hold that the complaint was
waived. See Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

 Under the same point, appellant attempts to raise the separate question of whether
improper inducements were made which, when combined with the effect of the claimed improper
warnings, caused appellant to confess to the killings. This is also an objection different from the
one presented in appellant's motion to suppress which was heard and ruled upon by the trial court. 
 The ground urged in appellant's motion was a claim that the deputy sheriff's
statement to appellant was an improper inducement to confess. The statement appellant contended
was improper was, "[H]ey, your [sic] looking at Capital Murder charges and if this is self defense,
you better tell me." The trial court found there was no direct or implied promise of benefit or
gain given to induce the statement. Appellant renewed this objection to admission of the written
confession at trial and the trial court again overruled it. Appellant made no claim at the hearing
nor at trial that a defect in the warning influenced his decision to confess. We note that evidence
at the hearing showed that appellant had been taken before magistrates for warnings in two
different counties, the one in which he was captured and the one in which he was prosecuted,
before he was questioned.

 Now, on appeal, appellant makes a different argument than he made at trial, and
he attempts to combine the new defective-warning issue with his original objection. Appellant's
arguments on appeal must correspond to his objection at trial. Butler v. State, 872 S.W.2d 227, 
236 (Tex. Crim. App. 1994). We hold the claim of error was waived.

 Another reason why appellant's issue fails is that he did not object to the
introduction of his videotaped statement. After appellant gave a written confession, he went with
law enforcement officers to show them where to hunt for the weapon he used in the killings and
to point out the scenes of the crimes. He described and demonstrated the events at different
locations to provide more detail about what happened. His statements and reenactments were
videotaped. Even if the written statement had been improperly admitted, the admission of
substantially the same testimony without objection, through admission of the videotaped
confession, made the error, if any, harmless. See Hicks v. State, 860 S.W.2d 419, 430-31 (Tex.
Crim. App. 1993), cert. denied, 512 U.S. 1227 (1994) (improper admission of defendant's grand
jury testimony harmless because substantively the same evidence properly admitted in form of
taped interview with deputy sheriff). Appellant's first issue for review is overruled. 


INEFFECTIVE ASSISTANCE OF COUNSEL In his second issue, appellant contends that his trial attorney rendered ineffective
assistance by failing to object to the admission of appellant's written statement and his video
statement on the basis that the warning given to appellant was incomplete. To show ineffective
assistance of counsel, appellant must show that: (1) trial counsel's performance was deficient in
that counsel made such serious errors that he was not functioning effectively as counsel; and (2)
the deficient performance prejudiced the defense to such a degree that appellant was deprived of
a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d
53, 57 (Tex. Crim. App. 1986); O'Hara v. State, 837 S.W.2d 139 (Tex. App.--Austin 1992, pet.
ref'd). Counsel's performance is to be judged by the totality of representation provided. 
Strickland, 466 U.S. at 690; Butler v. State, 716 S.W.2d 48, 54 (Tex. Crim. App. 1986). 
Counsel is strongly presumed to have provided adequate assistance and to have made all significant
decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 690. See
Valencia v. State, 946 S.W.2d 81, 83 (Tex. Crim. App. 1997) (reviewing court applies strong
presumption that counsel's actions were within wide range of reasonable professional assistance).

 Appellant has the burden of proving ineffective assistance of counsel. Cannon v.
State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). In the present case, no motion for new trial
was filed. Thus, appellant has not brought to this Court any evidentiary record showing the
reasons for his attorney's actions, and we decline to speculate on trial counsel's strategy. Due to
the absence of evidence concerning counsel's reasons--or lack thereof--for his actions, we are
unable to conclude that his performance was deficient. See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994). The record does show that appellant's counsel was not inactive. He
filed numerous motions, including one for change of venue, and obtained a hearing and ruling on
it; he pursued a motion to suppress the written confession and obtained a ruling; he made motions
to obtain investigators and expert witnesses, filed motions for discovery, and apparently obtained
full disclosure; he obtained depositions of out-of-state witnesses, presented six defense witnesses,
conducted thorough cross-examination of the State's witnesses, and made numerous objections
throughout the trial. This substantial activity in defense of appellant gives factual support to the
strong presumption of reasonable representation. 

 In any event, appellant's decision to testify against his counsel's advice almost
certainly renders the question of the effectiveness of counsel moot. After the State rested, and
outside the presence of the jury, appellant took the stand and acknowledged that his attorney had
advised him not to testify but, despite that advice, appellant said "I'd like to tell my side."
Appellant then testified and in the process of telling his side, acknowledged that the events detailed
in his written and videotaped statements were true. He added new information, but did not
contradict the facts previously given about how he shot both of his victims. When a defendant
preempts his attorney's strategy by insisting that a different defense be followed, no claim of
ineffectiveness can be made. Duncan v. State, 717 S.W.2d 345, 348 (Tex. Crim. App. 1986);
Medina v. State, 962 S.W.2d 83, 87 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd). See also 
Randall v. State, 464 S.W.2d 836 (Tex. Crim. App. 1971) (defendant who insisted on testifying
against advice of counsel and testified to substantially the same facts as in confession would not
be heard to complain about admission of disputed confession). We overrule appellant's second
issue for review. 



CONCLUSION

 Having overruled appellant's issues for review, we affirm the judgment of
conviction. 



 

 John Powers, Justice 

Before Justices Powers, Kidd and B. A. Smith 

Affirmed

Filed: November 5, 1998

Do Not Publish



per admission of defendant's grand
jury testimony harmless because substantively the same evidence properly admitted in form of
taped interview with deputy sheriff). Appellant's first issue for review is overruled. 


INEFFECTIVE ASSISTANCE OF COUNSEL In his second issue, appellant contends that his trial attorney rendered ineffective
assistance by failing to object to the admission of appellant's written statement and his video
statement on the basis that the warning given to appellant was incomplete. To show ineffective
assistance of counsel, appellant must show that: (1) trial counsel's performance was deficient in
that counsel made such serious errors that he was not functioning effectively as counsel; and (2)
the deficient performance prejudiced the defense to such a degree that appellant was deprived of
a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d
53, 57 (Tex. Crim. App. 1986); O'Hara v. State, 837 S.W.2d 139 (Tex. App.--Austin 1992, pet.
ref'd). Counsel's performance is to be judged by the totality of representation provided. 
Strickland, 466 U.S. at 690; Butler v. State, 716 S.W.2d 48, 54 (Tex. Crim. App. 1986). 
Counsel is strongly presumed to have provided adequate assistance and to have made all significant
decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 690. See
Valencia v. State, 946 S.W.2d 81, 83 (Tex. Crim. App. 1997) (reviewing court applies strong
presumption that counsel's actions were within wide range of reasonable professional assistance).

 Appellant has the burden of proving ineffective assistance of counsel. Cannon v.
State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). In the present case, no motion for new trial
was filed. Thus, appellant has not brought to this Court any evidentiary record showing the
reasons for his attorney's actions, and we decline to speculate on trial counsel's strategy. Due to
the absence of evidence concerning counsel's reasons--or lack thereof--for his actions, we are
unable to conclude that his performance was deficient. See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994). The record does show that appellant's counsel was not inactive. He
filed numerous motions, including one for change of venue, and obtained a hearing and ruling on
it; he pursued a motion to suppress the written confession and obtained a ruling; he made motions
to obtain investigators and expert witnesses, filed motions for discovery, and apparently obtained
full disclosure; he obtained depositions of out-of-state witnesses, presented six defense witnesses,
conducted thorough cross-examination of the State's witnesses, and made numerous objections
throughout the trial. This substantial activity in defense of appellant gives factual support to the
strong presumption of reasonable representation. 

 In any event, appellant's decision to testify against his counsel's advice almost
certainly renders the question of the effectiveness of counsel moot. After the State rested, and
outside the presence of the jury, appellant took the stand and acknowledged that his attorney had
advised him not to testify but, despite that advice, appellant said "I'd like to tell my side."
Appellant then testified and in the process of telling his side, acknowledged that the events detailed
in his written and videotaped statements were true. He added new information, but did not
contradict the facts previously given about how he shot both of his victims. When a defendant
preempts his attorney's strategy by insisting that a different defense be followed, no claim of
ineffectiveness can be made. Duncan v. State, 717 S.W.2d 345, 348 (Tex. Crim. App. 1986);
Medina v. State, 962 S.W.2d 83, 87 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd). See also 
Randall v. State, 464 S.W.2d 836 (Tex. Crim. App. 1971) (defendant who insisted on testifying
against advice of counsel and testified to substa